IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNA CASSITY,)
)
Plaintiff,)
)
v.) Case No. 09-2151-JWL
)
MICHAEL J. ASTRUE, COMMISSIONER)
OF SOCIAL SECURITY,)
)
Defendant.)
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the court on Plaintiff's objections to the Report and Recommendation issued by the Honorable Gerald B. Cohn, Magistrate Judge, filed on March 23, 2010, which recommended upholding the Commissioner's decision to deny Plaintiff's application for Social Security Benefits (Docs. 23, 20). Because Plaintiff's objections were not timely filed, as discussed below, the court may not entertain them. The court adopts the Magistrate Judge's Report and Recommendation (Doc. 20).

## **DISCUSSION**

Plaintiff narrowly missed the deadline for filing objections to the Magistrate Judge's Report and Recommendation in this matter. In fact, Plaintiff's counsel missed the filing deadline by only one minute and, apparently believing that he was

filing his objections in a timely manner on April 6, 2010, filed them at 12:01 a.m. on April 7, 2010. (*See* Doc. 23 and accompanying Notice of Electronic Service). This delay, despite its minute proportions, amounted to a waiver of the Plaintiff's opportunity to object the Report and Recommendation.[1] It is an unfortunate result for Plaintiff, but one that this court lacks authority to change.

The court notes, however, that even had Plaintiff objected in a timely manner, the court would have overruled Plaintiff's objections on the merits and adopted the Report and Recommendation of the Magistrate Judge.

In reviewing the Commissioner's determination that a plaintiff is not disabled within the meaning of the Social Security Act, this court examines whether the decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the correct legal standards. *See Langley v. Barnhart,* 373

---

[1] D. Kan. Rule 72.1.4(a) states that the procedure for filing objections to a magistrate judge's order in a non-dispositive matter follows Fed. R. Civ. P. 72(a).

Rule 72(a), in turn, states that after a magistrate judge issues a written order of his or her decision, "A party may serve and file objections to the order within 14 days after being served with a copy. *A party may not assign as error a defect in the order not timely objected to.*" (emphasis added). *See also Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir. 2004) (noting the "firm waiver rule" when a party fails to file timely objections to a magistrate judge's recommendations) (citation omitted).

Pursuant to Fed. R. Civ. P. 6(a)(1), the 14-day period for objecting to the Report and Recommendation is calculated by excluding the day of the event that triggers the period (i.e., the filing date of March 23, 2010), counting every day in the period including weekends, and including the last day of the period, in this case April 6, 2010.

The court notes that Plaintiff has not sought leave to reply to the government's assertion, in its Response to Plaintiff's Objections (Doc. 24), that the objections were not timely filed.

F.3d 1116, 1118 (10th Cir. 2004) ("A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.") (citation omitted). This court, however, does not reweigh evidence or substitute its judgment for that of the Commssioner. *Id.*

When, as in this case, a magistrate judge prepares a report and recommendation, this court reviews de novo only those portions to which a written objection has been made. *See* D. Kan. Rule 72.1.4(b); Fed. R. Civ. P. 72(b). The court has considerable discretion to accept, reject or modify the magistrate judge's disposition. 28 U.S.C. § 636(b)(1).

The court understands Plaintiff's basic argument to be that the Magistrate Judge did not meticulously examine the record in its entirety *(See* Doc. 23). Had a proper review occurred, Plaintiff suggests, the Magistrate Judge would have concluded that substantial evidence did not support the Administrative Law Judge's (ALJ's) decision not to grant controlling weight to the opinions of Plaintiff's treating physician, Dr. Yvette Crabtree (*See id.* at 4-5).

A treating physician's opinion is entitled to substantial weight but need not be given controlling weight by the ALJ. *See, e.g.*, *Goatcher v. Dep't of Health & Human Servs.*, 52 F.3d 288, 289-90 (10th Cir. 1995). Nonetheless, the ALJ must adequately explain the weight given to the treating physician's opinion and to the opinions of other medical experts, including non-treating physicians who have reviewed the record. *See, e.g., Watkins v. Barnhart* , 350 F.3d 1297, 1301 (10th Cir.

3

2003).

In the instant matter, the Magistrate Judge found that the ALJ issued a detailed decision that "addressed each medical opinion, explained the weight accorded each opinion, and explained why he found that the opinions of the state agency physicians outweighed the opinion of Dr. Crabtree" (Report and Recommendations, Doc. 20, at 12). The Magistrate Judge ascertained, from the ALJ's decision, nine reasons, supported by the evidence on record, to reject Dr. Crabtree's opinion (*See id.* at 13-14).

Plaintiff, in her objections, essentially asks this court to reweigh the credibility of the medical witnesses in this matter– for example, by noting that Dr. Crabtree's opinion was based upon "years of treating [Plaintiff] as her primary care physician," and that the consulting doctors "had never examined" Plaintiff (*See* Doc. 23 at 5). Plaintiff alleges that the Magistrate Judge discussed "only one sentence" from the testimony of Dr. Nicholas Ahn , but, even if true, this allegation does not establish that the Magistrate Judge failed to adequately consider the record as a whole (*Compare* Doc. 23 at 5-6 *with* Doc. 20 at 15-16).

Plaintiff has not made a convincing argument that the ALJ inadequately explained the credibility decisions or applied the wrong legal standard in doing so. This court would overrule Plaintiff's objections to the Report and Recommendation even if the objections had been timely filed.

4

IT IS THEREFORE ORDERED BY THE COURT THAT, because Plaintiff has failed to file a timely objection, the Report and Recommendation of the Magistrate Judge (Doc. 20) is adopted and the Commissioner's decision is AFFIRMED in accordance with the fourth sentence of 42 U.S.C. § 405(g)

IT IS SO ORDERED.

Dated this 4th day of June, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge